**WOLF & WOLF, LLP**
Edward H. Wolf (EW-0656)
Jason M. Wolf (JW-6332)
910 Grand Concourse, Ste. 1F
Bronx, New York 10451
(718) 410-0653

*Attorneys for Plaintiff Maria Corleto*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

MARIA CORLETO,

            Plaintiff,

   -against-

TRIBORO COACH CORPORATION,
and EMMETT CURRAN, individually,

         Defendants.

-----------------------------------------------------X

JUDGE SCHEINDLIN

**05 CV 7346**

RECEIVED
AUG 1 9 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      The Plaintiff, MARIA CORLETO ("Coreleto" or "plaintiff"), through her attorneys, Wolf & Wolf, LLP, complaining of the Defendants, TRIBORO COACH CORPORATION ("Triboro") and EMMETT CURRAN ("Curran") alleges the following:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action to remedy sex discrimination in employment including, but not limited to, sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq. as amended ("Title VII"); the New York State Executive Law §296 et seq. (the "Human Rights Law"); and the Administrative Code of the City of New York § 8-107 et seq. (the "City Law").

2.      Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to Title VII, the Human Rights Law and the City Law.

## JURIDISCTION AND VENUE

3.      On or about November 25, 2003, Corleto filed an Administrative Complaint of Discrimination with the New York State Division of Human Rights ("the Division"), which was duly filed with the United States Equal Employment Opportunity Commission (the "EEOC"), complaining of the unlawful acts alleged herein.  On or about July 22, 2005, the EEOC issued Corleto a Notice of Right to Sue, entitling her to commence this action within 90 days of her receipt of that notice.  This lawsuit is instituted within 90 days of receipt of same.  Plaintiff has fully complied with all the prerequisites to filing this suit.

4.      The Court has jurisdiction under Title VII § 2000e-5(f)(3), and 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over claims brought under the Human Rights and the City Law pursuant to 28 U.S.C. § 1367.

5.      As the unlawful employment practices complained of herein occurred within, and defendant regularly transacts business within the Southern District of New York, venue is proper in this District pursuant to Title VII, 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391.

## DESCRIPTION OF THE PARTIES

6.      Plaintiff is a female individual residing within the State of New Jersey. Plaintiff is employed by Triboro and was employed since December 19, 1999 as a bus driver.  Ms. Corleto's job performance has been nothing short of satisfactory since the

inception of her employment, having received various awards for outstanding safety. Plaintiff is an employee as defined under Title VII, the Human Rights Law and the City Law.

7.     At all times hereinafter set forth, the Defendant Triboro was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York. Its principal office is located in Jackson Heights, County of Queens, and State of New York.

8.     At all times hereinafter set forth, the Defendant Curran, upon information and belief was and still is employed by the Defendant Triboro as a bus driver.

9.     Upon information and belief, Triboro is an employer within the meaning of Title VII, the Human Rights Law and the City Law.

10.     Upon information and belief, Curran is individually liable as an aider and abettor of sexual harassment as he directly participated in, and was the chief harasser, of the discriminatory acts complained of herein, under the Human Rights Law and the City Law.

## FACTS COMMON TO ALL CLAIMS

11.     On or about December 19, 1999, Triboro employed Corleto as a Bus Driver.

12.     Commending on or about August 19, 2003, Curran engaged in a practice of making sexual gestures towards Corleto, including on September 19, 2003, Curran, viewing plaintiff driving a new bus, pulled up along side Corelto's bus and through the open window asked Plaintiff, "who did you blow [give sexual favors] to get that new bus.

While making this statement, Curran made a sexual and inappropriate gesture intending to depict the act of oral sex.

13.     On the very same day and in the same area and manner, Curran repeated the sexual gesture now telling plaintiff, "I know you are doing a good job [referring to the act of oral sex]. I know you."

14.     Over a period of time, the above described sexual comments and gestures made by Curran to Corleto were severe, pervasive, inappropriate, degrading, demeaning and humiliating.

15.     Due to the severity of the harassment, the Plaintiff has sought medical treatment, which caused her to take disability-related leave on or about October 6, 2003.

## Count I

## Sexual Discrimination

15.     Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 14 as if fully set forth herein.

16.     Upon information and belief, employers at Triboro were made aware that Curran subjected Corleto to harassing comments and gestures, all of which were of a sexual nature.

17.     Notwithstanding Corleto's belief that there was no formal policy on harassment under which a complaint could be registered for any unfair employment practice, including sexual harassment, Corleto filed an internal complaint with Bob Smith.

18.     Triboro failed and refused to appropriately investigate, admonish or retrain defendant Curran.  In addition, Triboro placed insurmountable barriers to the resolution of the discriminatory incidents.  By creating such inaction, Triboro supported such illegal discriminatory practices.

19.     Defendants discriminated against plaintiff in the terms and conditions of her employment the basis of her sex in violation of Title VII, the Human Rights Law and the City Law.  Defendants agreed and confederated to participate in these improper acts in violation of the laws against Plaintiff.

20.     Defendant Triboro, by its agents, servants and employees is responsible for the discriminatory acts perpetrated against the Plaintiff.  This responsibility for the acts of its agents, servants, and employees consisted of, but was not limited to: recklessly, carelessly and negligently causing, hiring, permitting and/or allowing certain members of Triboro to commit the acts complained of against the Plaintiff; in failing to take necessary steps to supervise; properly train and/or instruct members of Triboro in supervising and communicating with women; and in failing to meet its responsibilities to avoid discriminatory practices and acts of harassment by its agents, servants, and employees.

21.     As a result of defendants' discriminatory acts, plaintiff has suffered, is suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation, unless and until this Court grants relief.

22.     Defendants acted intentionally and/or with malice and reckless indifference to plaintiff's rights under Title VII, the Human Rights Law and the City Law.

## Count II

## Hostile Work Environment

23.     Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 22 as if fully set forth herein.

24.     Defendants created a hostile work environment in which plaintiff was subjected to verbal and physical conduct of a sexual nature, causing an environment which was intimidating, insulting, and abusive.

25.     Defendants discriminated against plaintiff in the terms and conditions of her employment by creating a hostile work environment on the basis of her sex in violation of Title VII, the Human Rights Law and the City Law.  Defendants agreed and confederated to participate in these improper acts in violation of the laws against Plaintiff.

26.     As a result of defendants' discriminatory acts, plaintiff has suffered, is suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation, unless and until this Court grants relief.  As a result of the hostile work environment, plaintiff has been rendered sick, sore, lame and disabled.

27.     Defendants acted intentionally and/or with malice and reckless indifference to plaintiff's rights under Title VII, the Human Rights Law and the City Law.

## Count III

### Individual Liability Under the Human Rights Law and City Law

28.     Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 27 as if fully set forth herein.

29.     Defendant Curran is individual liable for the acts complained of herein under the Human Rights Law and City Law.

30.     Curran aided and abetted the sexual harassment in that he directly participated in the acts complained, and was the perpetrator of the sexual comments and gestures toward the plaintiff.

31.     Defendant Curran acted intentionally and/or with malice and reckless indifference to plaintiff's rights under Title VII, the Human Rights Law and the City Law.

### Request for Jury

32.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues in this action.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a Judgment:

1.     Declaring the acts and practices complained of herein to be in violation of Title VII, the Human Rights Law and the City Law;

2.     Enjoining and permanently restraining these violations of the Title VII, the Human Rights Law and the City Law.

3.     Directing the defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful practice are eliminated and do not continue to affect plaintiff's employment opportunities;

4.      Directing defendants to pay plaintiff compensatory and punitive damages and interest thereon, under 42 U.S.C. § 1981a;

5.      Directing defendants pursuant to the Human Rights Law to pay plaintiff compensatory damages, including damages for emotional distress, humiliation, and pain and suffering with interest thereon;

6.      Directing defendant pursuant to the City law to pay plaintiff punitive damages and compensatory damages including damages for emotional distress, humiliation, and pain and suffering with interest thereon.

7.      Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the City law; and

8.      For such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Bronx, New York
       July 28, 2005

WOLF & WOLF, LLP
Attorneys for Plaintiff
910 Grand Concourse, Ste. 1F
Bronx, New York 10451
(718) 410-0653

By:    _____
       Edward H. Wolf
       EW-0656